**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MASUD HANNAN, | No. 09-35804 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00414-HA |
| v. | |
| MAXIM INTEGRATED PRODUCTS, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted August 30, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Appellant Masud Hannan appeals the district court's order that granted

Maxim Integrated Products, Inc.'s Federal Rule of Civil Procedure 12(b)(6) motion

to dismiss Hannan's claims for breach of contract, breach of the duty of good faith

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and fair dealing, and violation of the Oregon Wage Act (Oregon Revised Statutes §§ 652.140(2)(a), 652.610(3)).[1]

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction pursuant to 28 U.S.C. § 1291; we reverse and remand.

We review de novo the grant of a Rule 12(b)(6) motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court erred when it dismissed Hannan's breach of contract claim and concluded that Maxim complied with the express terms of the Option Agreement. (The parties and the district court variously refer to the contract at

---

[1] Because the parties are familiar with the facts, we recite them only as necessary.

2

issue as including some or all of the Notice of Grant of Stock Options, the 1996 Stock Incentive Plan, and the Legal Provisions. We refer to these documents collectively as the "Option Agreement.") The pleadings contained no allegation that Maxim's shares were unregistered or that Maxim's performance was otherwise excused. Nor could such an inference be drawn from documents referenced in the complaint or judicially noticed documents, particularly given that, on a Rule 12(b)(6) motion, the district court was required to accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to Hannan.

The district court similarly erred when it dismissed Hannan's claim that Maxim breached the duty of good faith and fair dealing. Based on Hannan's well-pleaded allegations, a jury could have found that Maxim failed to act in good faith and, thus, breached the Option Agreement when Maxim engaged in an illegal stock option backdating scheme that caused its inability to issue shares under the Option Agreement.

The Oregon Wage Act claim is dependent on the plaintiff's breach of contract claim, and thus, need not be addressed at this time.

A motion for summary judgment would be more appropriate in this case.

This panel will take back this case should there be a further appeal.

**REVERSED AND REMANDED.**